## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>     **Plaintiff,**<br><br>       **v.**<br><br>**ONE BOX AND PLASTIC BAGS**<br>**CONTAINING ABOUT $1.2 MILLION**<br>**IN MUTILATED U.S. CURRENCY, et al.,**<br><br>     **Defendants.** | **Civil Action No.  08-1476 (JDB)** |
| **JOSE CARRILLO-VALLES,**<br><br>**and**<br><br>**CHERUBIM E. HURDLE,**<br><br>     **Claimants.** | |

## <u>ORDER</u>

Before the Court is [68] Cherubim E. Hurdle's motion for a ninety-day stay of judgment under Federal Rule of Civil Procedure 62(b).  She apparently intends to seek reconsideration of this Court's November 3, 2009 Memorandum Opinion and Order striking her claim, although she has yet to file a motion to that effect.  <u>See</u> Cherubim E. Hurdle's Mot. for a Stay [Docket Entry 68], at 1 ("It is my intent to file that document for the court to receive it . . . [by] December 18, 2009.").  Accordingly, she requests a stay to "stop payment on a proposed [settlement] agreement" between the government and Jose Carillo-Valles.  <u>Id.</u>  Both the government and Mr. Carillo-Valles oppose Ms. Hurdle's request for a stay.  <u>See</u> Gov.'s Opp'n to Hurdle's Mot. ("Gov's

Opp'n") [Docket Entry 71]; Jose Carillo-Valles' Opp'n to Hurdle's Mot. [Docket Entry 72].[1]

Rule 62(b)(4) permits a court, "[o]n appropriate terms for the opposing party's security," to "stay the execution of a judgment . . . pending disposition of" a motion under "Rule 60." Here, however, Ms. Hurdle has not filed a motion for reconsideration, despite indicating her intention to do so. See Cherubim E. Hurdle's Notice of Intent to File Mot. to Modify ("Hurdle's Notice") [Docket Entry 67], at 1. On this basis alone a stay under Rule 62(b) is inappropriate. Nevertheless, even assuming that this technical hurdle does not bar Ms. Hurdle, the Court concludes that her filings do not demonstrate that a stay is warranted.

By its terms, Rule 62(b) gives the Court discretion to enter a stay, and one may be entered "on such conditions for the security of the adverse party as are proper." 11 Wright & Miller, Federal Practice and Procedure § 2903 (3d ed. 1998).[2] Here, Ms. Hurdle contends that the Court should issue a stay because "[t]here is . . . no proof of the right of the other claimant to claim both these properties, but there is proof of my right to claim. These newly discovered errors were found after the sur-reply was filed, and show facts supporting the motion which puts a new light on the government's Motion to strike . . . ." Hurdle's Notice at 1.

But Ms. Hurdle offers no evidence or argument to substantiate these conclusory

---

[1] Ms. Hurdle's reply in support of her motion was due on December 21, 2009. She has not filed a reply, and therefore her motion is now ripe for adjudication.

[2] Several courts interpreting Rule 62(b) have suggested that it "indicates a policy against any unsecured stays of execution." Marcelletti & Sons Constr. Co. v. Millcreek Twp. Sewer Auth., 313 F. Supp. 920, 928 (W.D. Pa. 1970); accord Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D.S.C. 1984); Van Huss v. Lansberg, 262 F. Supp. 867, 870 (W.D. Mo. 1967). According to these courts, a stay pending disposition of a motion should be denied where the moving party does not post bond or collateral. The Court need not address this interpretation, however, because it concludes, as an exercise of its discretion, that a stay is not warranted.

statements.  Indeed, she provides no hint as to what these "newly discovered errors" might be.

To be sure, she contends that the Court never considered her September 15, 2009 amended claim

-- which allegedly corrected some errors -- in resolving the government's motion to strike her

claim.  See id. at 4.  The Court, however, analyzed all of Ms. Hurdle's filings when it resolved the

motion to strike, including the September 15 pleading.  See November 3, 2009 Memorandum

Opinion and Order [Docket Entry 64], at 2-3 & n.4.  And on the basis of these filings, the Court

concluded that Ms. Hurdle had made "no showing of a 'colorable possessory interest'" in the

defendant currency.  Id. at 5.  None of Ms. Hurdle's filings since the Court issued its opinion call

into doubt this disposition.[3]

Therefore, upon consideration of [68] Ms. Hurdle's motion for a stay of judgment of the

Court's November 3, 2009 Memorandum Opinion and Order, the parties' memoranda, and the

entire record herein, it is hereby **ORDERED** that the motion is **DENIED**.

**SO ORDERED**.

_____/s/ John D. Bates_____
JOHN D. BATES
United States District Judge

Dated: December 28, 2009

_____

[3] The government suggests that Ms. Hurdle's motion is properly resolved under the
traditional standards governing a stay pending appeal.  See Gov's Opp'n at 4-5 (citing United
States v. Various Tracts of Land in Muskogee and Cherokee Counties, 74 F.3d 197, 198 (10th
Cir. 1996) (stay pending appeal in civil forfeiture case governed by general four-part test for
stays), and United States v. All Funds in Accounts in the Names of Registry Pub., Inc., 58 F.3d
855, 856 (2d Cir. 1995) (same)).  Ms. Hurdle's motion, however, is not properly viewed as a
motion for a stay pending appeal given her citation to Rule 62(b) and the fact that her time for
appeal has now expired.  Even so, were this the appropriate lens for analysis, Ms. Hurdle's
motion would be unavailing as her vague references to "newly discovered errors" cannot
demonstrate a likelihood of success on the merits.