UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE BOX AND PLASTIC BAGS CONTAINING ABOUT $1.2 MILLION IN MUTILATED U.S. CURRENCY, et al.,<br><br>Defendants. | Civil Action No. 08-1476 (JDB) |
| JOSE CARRILLO-VALLES,<br><br>and<br><br>CHERUBIM E. HURDLE,<br><br>Claimants. |  |

## MEMORANDUM OPINION

This case is a civil <u>in rem</u> action against two different quantities of mutilated United States currency, which are alleged to have been "buried in Mexico for 20 or more years." Am. V. Compl. for Forfeiture <u>In Rem</u> ("Am. V. Compl.") [Docket Entry 2], ¶ 9. Several people, including claimant Jose Carillo-Valles, brought the currency to the Bureau of Engraving and Printing for redemption on two occasions in 2007 and 2008.[1] <u>See id.</u> Two individuals, Carillo-Valles and Cherubim Hurdle, then filed verified claims to the money. <u>See</u> V. Claim of Carillo-Valles [Docket Entry 4]; V. Claim of Hurdle [Docket Entry 8]. On the government's motion, the

---

[1] The Bureau of Engraving and Printing "conducts a program to redeem 'mutilated' U.S. currency, taking in damaged cash and replacing it with fresh money from government funds." Am. V. Compl. at ¶ 8.

Court struck Hurdle's claim, concluding that she had not established a "colorable possessory interest" in the currency. See Nov. 3, 2009 Memorandum Opinion & Order [Docket Entry 64], at 4-5. Thereafter, pursuant to a stipulation of settlement between the United States and Carillo-Valles, the Court entered a final order of forfeiture. See Nov. 17, 2010 Order of Forfeiture and Dismissal [Docket Entry 66]. By that order, Customs and Border Protection of the Department of Homeland Security paid Carillo-Valles $2,112,215.00; the balance of the defendant property was forfeited to the United States. See id. at 3.

Hurdle moved for a ninety-day stay of the order of forfeiture. See United States v. One Box and Plastic Bags Containing About $1.2 Million in Mutilated U.S. Currency, Civ. A. No. 08-1476, 2009 WL 518441, at *1 (D.D.C. Dec. 28, 2009). The Court denied that motion, reiterating the fact that "Ms. Hurdle had made 'no showing of a colorable possessory interest' in the defendant currency." Id. (quoting Nov. 3, 2009 Memorandum Opinion & Order).

Now before the Court is Hurdle's ex parte request for the Court to correct "clerical errors" that she believes led the Court to strike Hurdle's claim for the defendant currency.[2] Specifically, she asks the Court to correct a perceived error in the description of the defendant currency. According to her, the government erred when it described "the container objects[] and the currency together." Hurdle's Mot. at 5. That is, she contends that the defendant currency should not have been described as "one box and plastic bags containing about $1.2 million in mutilated

---

[2] Hurdle requests that her motion be filed ex parte and under seal because she fears that Carillo-Valles will abscond to Mexico with the funds he obtained in settlement once he learns of this motion. See Hurdle's Ex Parte Mot. ("Hurdle's Mot."), 1-2. She recognizes, however, that the other parties can be informed of the motion once the Court has ruled on it. See id. at 1. Accordingly, the Court will docket her motion along with this memorandum opinion and the accompanying order. Because Hurdle has not given any reason for the Court to keep her filing under seal, it will file her motion on the public docket.

U.S. currency" and "one suitcase containing about $5.2 million in mutilated U.S. currency." See id. Rather, in her view, all of the assets in this action should have been listed separately, as "one box," "plastic bags," "one suitcase," "$1.2 million in mutilated U.S. currency," and "$5.2 million in mutilated U.S. currency." See id. at 5-6.

Hurdle asserts that this "clerical error" has significant consequences. She argues that although "Mr. Carillo-Valles could definitely prove his claim to the box, bags and suitcase," he could not prove his claim to the currency. Id. at 6. On the other hand, Hurdle asserts that while "there was no possible way for me to prove my connection to the box, plastic bags, and the suitcase because they are not mine," her "claim and answer fully proved [her] right to the currency." Id. Therefore, she contends that the Court improperly concluded that Hurdle had no interest in the currency. See id.

Hurdle is incorrect. The Court struck her claim because she did not demonstrate any "colorable possessory interest" in the mutilated currency. See Nov. 3, 2009 Memorandum Opinion & Order at 4-5. This conclusion is correct whether the Court considers the currency with its container or separately. Moreover, Hurdle has not offered any evidence that the government erred in describing the defendant currency. Hence, the Court will deny Hurdle's motion. A separate Order will be issued on this date.

            /s/ John D. Bates
            JOHN D. BATES
          United States District Judge

Dated: August 27, 2010